IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NON ENEMY CANTEEN #,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>GOVERNOR, STATE OF HAWAII, DEPARTMENT OF DEFENSE, NEIL ABERCROMBIE, GOVERNOR, HAWAII GOVERNMENT;  DEPT. OF HEALTH,  BOARD OF REGULATED MEDICINE,  UNITED HEALTHCARE,<br><br>　　　　　Defendants. | CIV. NO. 20-00076 LEK-RT<br><br>FINDINGS AND RECOMMENDATION TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS |

FINDINGS AND RECOMMENDATION TO DENY
APPLICATION TO PROCEED IN FORMA PAUPERIS

On February 14, 2020, Plaintiff Non Enemy Canteen # commenced this action by filing her Complaint. ECF No. 1. Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed on February 14, 2020 ("IFP Application"). ECF No. 2. After careful review of the IFP Application, the Complaint, and the applicable law, the Court finds that based on the information provided by Plaintiff, it is unclear whether Plaintiff genuinely cannot afford to prepay the costs of initiating this action and whether the IFP Application was signed by Plaintiff. Accordingly, the Court FINDS that Plaintiff's IFP Application should be DENIED with

leave to (a) pay the filing fee or (b) refile an application to clarify her current income and expenditures.

## DISCUSSION

Plaintiff requests that the Court permit her to proceed *in forma pauperis* ("IFP"). A court may authorize the commencement or prosecution of any suit without prepayment of fees if the litigant submits an affidavit stating that the litigant is unable to pay the required fees. See Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948)) (the affidavit "is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life"). The litigant "need not be absolutely destitute[,] . . . but must allege poverty 'with some particularity, definiteness and certainty.'" Escobedo, 787 F.3d at 1234 (citations omitted) (internal quotations omitted).

In determining IFP status, the Court is guided by whether the applicant's yearly income surpasses the poverty threshold as determined by the Department of Health and Human Services ("HHS") 2020 Poverty Guidelines. This threshold is based on the number of persons in the applicant's family or household. However, Plaintiff's IFP Application is unclear as to her income. Plaintiff indicates in her IFP application that her take-home wages are $1,105.00 but does not specify the pay period. Further, Plaintiff indicates that she receives income from other sources, but fails to clearly describe the source of income, the amount received, and expected amounts to be received in the future. In addition, Plaintiff must properly complete her declaration. The IFP Application form requires that Plaintiff sign and print her name to acknowledge her

declaration. It appears that Plaintiff signs her declaration using what appears to be the initials "DY" and prints her name as "DY." Plaintiff may not print her name by using her initials unless "DY" is her first and last name. Further, Plaintiff is named in the Complaint as Non Enemy Canteen # and in the IFP Application, the applicant's printed name is "DY". It does not appear that the applicant signing the IFP Application is the same person as the Plaintiff who filed the Complaint.

Plaintiff is reminded that Rule 11(b)(1) of the Federal Rules of Civil Procedure states that "[b]y presenting to the court a pleading, written motion, or other paper . . . [an] unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose . . . " Fed. R. Civ. P. 11(b)(1).

Based on the information Plaintiff provided, the Court FINDS that there is not enough information to determine whether Plaintiff qualifies for IFP status because she failed to demonstrate that she cannot afford to prepay the costs of initiating this action and it is unclear whether the IFP Application was signed by Plaintiff.

If Plaintiff wishes to proceed with this action, she must either remit the appropriate filing fee or submit another application no later than two (2) weeks after the district court takes action on this Findings and Recommendation. Failure to do so may result in the dismissal of this action. Plaintiff is reminded that when the Court sets deadlines, failure to comply may result in the dismissal of a case or the imposition of sanctions. See LR11.1.

## CONCLUSION

The Court FINDS and RECOMMENDS that the district court:

1) DENY Plaintiff's IFP Application WITHOUT PREJUDICE.

2) GRANT Plaintiff leave to (a) pay the filing fee or (b) file another Application to Proceed in District Court Without Prepayment of Fees and Costs within two (2) weeks after the district court takes action on this Findings and Recommendation.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 30, 2020.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

_____

Civ. No. 20-00076 LEK-RT; *Non Enemy Canteen # v. Governor of State of Hawaii, et al.*; Findings and Recommendation to Deny Application to Proceed In Forma Pauperis

4